■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROGER RUDNICK, Appellant.— Judgment of the Supreme Court, Suffolk County, dated November 16, 1967, affirmed. No opinion. The order of said court dated November 2, 1967 has been reviewed on the appeal from the judgment. Christ, Acting P. J., Brennan, Rabin, Munder and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DONALD WIGGINS, Appellant.— Judgment of the Supreme Court, Kings County, rendered April 10, 1967, affirmed. No opinion. The denial of defendant's motion to suppress evidence has been reviewed on the appeal from the judgment. Beldock, P. J., Christ, Rabin, Hopkins and Martuscello, JJ., concur.

■ IRVING ROSENTHAL, Respondent, v. RAY CONTROL CORP. et al., Appellants.— Order of the Supreme Court, Queens County, dated February 19, 1968, affirmed insofar as appealed from, with $10 costs and disbursements. No opinion. Christ, Brennan, Hopkins and Benjamin, JJ., concur; Beldock, P. J., dissents and votes to reverse the order insofar as appealed from and to dismiss the first cause of action, with the following memorandum: The allegedly defamatory material involved herein is contained in a letter directed to plaintiff, a salesman, by the corporate defendant, with copies to two employees and in an inter-office memorandum circulated to several of defendants' employees. The publications merely allege that plaintiff accepted commissions in excess of that to which he was entitled under the terms of his employment. In my opinion, the statements, considered in their proper context, are not susceptible of a defamatory interpretation. The dispute herein is contractual in nature and may properly be resolved in the action, currently pending, to recover unpaid commissions.

■ SONDRA M. RUBIN, Respondent-Appellant, v. JOSEPH D. RUBIN, Appellant-Respondent.— In this proceeding brought by defendant for an order punishing plaintiff, his former wife, for contempt of court for failure to accord him visitation with their infant daughter in conformity with the judgment theretofore entered herein, both parties appeal from portions of an order of the Supreme Court, Westchester County, dated February 14, 1967, which *inter alia* confirmed the report of a Referee. The appeal by defendant is from so much of the order as (1) denied his application for a counsel fee, (2) ordered him to pay the Referee's fee and (3) did not grant his application to direct plaintiff to pay the Referee's fee and the court costs; and the cross appeal by plaintiff is from all other parts of the order. Order affirmed insofar as appealed from by defendant, without costs. No opinion. Cross appeal by plaintiff dismissed, without costs, unless she files and serves a proper appendix within 30 days after entry of the order hereon. In the interim, plaintiff's cross appeal will be held in abeyance. Plaintiff contends that the findings of the Referee as confirmed by the court below are vague, incomplete, nonfactual and against the weight of the evidence. The raising of such contentions requires the use of an extensive appendix. The appendix submitted by plaintiff is patently insufficient in this regard (see *Martin v. Martin*, 22 N Y 2d 751; *E. P. Reynolds, Inc. v. Nager Elec. Co.*, 17 N Y 2d 51; *Melville v. Melville*, 29 A D 2d 679; *Lo Gerfo v. Lo Gerfo*, 30 A D 2d 156; CPLR 5528; Rules of Appellate Division, Second Dept., part 1, rule XVI). Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.